**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CANDACE PERRONE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 3:16 cv 00374 (VLB)** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMEC CONSTRUCTION, LLC,** | : | |
| | : | |
| **Defendant.** | : | **SEPTEMBER 6, 2016** |

**PLAINTIFF'S NOTICE OF FILING FIRST AMENDED COMPLAINT**

**Plaintiff, in the above-entitled action, by and through her attorneys, Sabatini and Associates, LLC, gives notice of the filing of her First Amended Complaint. The First Amended Complaint is filed as of right pursuant to Fed.R.Civ.P. 15(a)(1)(B). Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on July 28, 2016.**

**Plaintiff moved for an extension of time through September 6, 2016 in which to respond to the Motion. The court granted the motion for extension of time. Plaintiff's Amended Complaint has been filed within the extended time period.**

**The Amended Complaint eliminates the common law wrongful discharge in violation of an important public policy. The Amended Complaint adds the following causes of action: (1) unpaid overtime in violation of FLSA; and (2) retaliation in violation of FLSA.**

**By /s/ James V. Sabatini**
**James V. Sabatini, Esq CT 19899**
**Sabatini and Associates, LLC**
**One Market Square**
**Newington, CT 06111**
**Tel. No.: 860-667-0839**
**Fax No.: 860-667-0867**
**e-mail: jsabatini@sabatinilaw.com**

**Attorney for Plaintiff**

## ELECTRONIC CERTIFICATE OF SERVICE

**I hereby certify that on September 6, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

**s/ James V. Sabatini**
**James V. Sabatini**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CANDACE PERRONE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 3:16 cv 00374 (VLB)** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMEC CONSTRUCTION, LLC,** | : | |
| | : | |
| **Defendant.** | : | **SEPTEMBER 6, 2016** |
| | | **Jury Trial Demanded** |

## SECOND AMENDED COMPLAINT

**Plaintiff, Candace Perrone, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, AMEC Construction, LLC., respectfully alleges:**

## PARTIES

**1. Plaintiff, Candace Perrone, was and is a citizen and resident of the State of Connecticut.**

**2. Defendant, AMEC Construction, LLC, was and is a limited liability company organized and existing under the laws of the State of Connecticut with a principal place of business located at 145 Main Street, Norwalk, Connecticut 06851.**

**3. At all times material, plaintiff was an employee within the meaning of the Americans With Disabilities Act of 1990 (ADA).**

**4. At all times material, defendant was an employer within the meaning of the ADA.**

## JURISDICTION AND VENUE

**5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.**

**6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.**

## GENERAL ALLEGATIONS

**7. Defendant employed plaintiff.**

**8. Defendant hired plaintiff.**

**9. Plaintiff was hired on or about January 30, 2012.**

**10. When plaintiff was hired, her job title was assistant project manager.**

**11. Plaintiff was originally supervised by Guy Mazzola.**

**12. Plaintiff was later supervised by David Stein and Michelle Marmainos.**

**13. In January 2013, defendant changed plaintiff's job title to accounts payable.**

**14. On or about June 3, 2014, plaintiff notified defendant that she would be undergoing ankle surgery on July 17, 2014 and that she would be absent from work for two (2) days as a result of the surgery.**

**15. Defendant was aware that the plaintiff had a medical condition regarding her ankle.**

**16. Plaintiff originally injured her ankle in 2007.**

**17. Plaintiff fractured her ankle.**

**18. Plaintiff underwent surgery to repair the fractured ankle. The surgery included the placement of hardware.**

**19. Plaintiff continues to suffer from ankle pain and swelling.**

**20. The July 17, 2014 surgery involved the removal of scar tissue.**

**21. The ankle injury substantially limits one or more major life activities including walking.**

**22. On June 24, 2014, defendant notified plaintiff that she was terminated.**

**23. Plaintiff can perform the essential functions of her job with or without a reasonable accommodation.**

**24. The two day absence for the surgery amounted to a request for a reasonable accommodation.**

**25. Plaintiff was qualified for the job.**

**26. Plaintiff filed charges against defendant with the EEOC on December 30, 2014.**

**27. Plaintiff received a right to sue letter from the EEOC on December 8, 2015.**

## FIRST COUNT
**(Disability Discrimination in Violation of the ADA Amendments Act of 2008)**

**1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 27 as though fully set forth herein.**

**28. Defendant's actions violated the ADA Amendments Act of 2008, which prohibits discrimination on the basis of disability in one or more of the following ways:**

**(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;**

**(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;**

**(c) In that defendant treated the plaintiff adversely different from similarly situated employees;**

**(d) In that defendant discriminated against the plaintiff for needing a reasonable accommodation in the form of a medical leave of absence;**

**(e) In that defendant terminated plaintiff's employment; and**

**(f) In that defendant failed to initiate or engage in the reasonable accommodation interactive process.**

**29. As a direct and proximate result of defendant's unequal and discriminatory treatment, plaintiff has been deprived of equal employment opportunities and employment.**

**30. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she**

**was entitled under defendant's employee benefit plan. Plaintiff has also lost or will lose in the future payment of bonus earnings, pension/retirement benefits, and interest.**

**31. As a further result of defendant's discriminatory conduct, plaintiff suffered compensatory damages including emotional pain, distress, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.**

**32. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.**

**33. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights.**

**<u>SECOND COUNT</u>**
**(Retaliation in Violation of the ADA)**

**1. Plaintiff repeats the allegations in the paragraphs above as if fully incorporated herein.**

**34. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.**

**(a) In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.**

**35. As a direct and proximate result of defendant's retaliation, plaintiff suffered harms and losses.**

**<u>THIRD COUNT</u>**
**(Failure to Accommodate in Violation of the ADA)**

**1. Plaintiff repeats the allegations in the paragraphs above as if fully incorporated herein.**

**36. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways:**

**(a) by failing to accommodate the plaintiff.**

**37. As a direct and proximate result of defendant's retaliation, plaintiff suffered harms and losses.**

**<u>FOURTH COUNT</u>**
**(Violations of Connecticut Wage and Hour Law)**

**1. Plaintiff re-alleges and incorporates by reference Paragraphs 7-13 as if fully rewritten herein.**

**14. In December 2013, defendant gave the plaintiff a work schedule that had the plaintiff working scheduled hours from 7:30 a.m. through 6:30 p.m. and totaling 56 hours per week.**

**15. Prior to December 2013, plaintiff had worked certain weeks where she worked more than 40 hours.**

**16. After receiving the work schedule in December 2013, plaintiff informed Stein about the fact that she was not being paid overtime.**

**17. For a period of months following plaintiff's communication to Stein about overtime pay, defendant did not respond to the issue.**

**18. On or about May 10, 2014, plaintiff asked the defendant, by and through Marmainos, whether she was eligible for overtime.**

**19. On or about May 12, 2014, plaintiff requested that her hours be changed so she could leave the office between 5:30-6:00 p.m.**

**20. On May 15, 2014, plaintiff met with Stein and Marmainos and they discussed the changes to her work schedule.**

**21. Following the meeting, plaintiff's hours were changed to 7:30am – 4:00 pm and her pay was changed from salary to hourly.**

**22. Plaintiff's job duties and responsibilities did not change.**

**23. On or about June 12, 2014, a new employee was hired by the defendant.**

**24. Defendant told plaintiff that the new employee would be an assistant to both accounts receivable and to the plaintiff.**

**25. Defendant also began training the new employee for plaintiff's position.**

**26. On or about June 23, 2014, plaintiff was ill and emailed the defendant that she would be absent from work.**

**27. Plaintiff did not receive a response to the email.**

**28. On or about June 24, 2014, defendant notified the plaintiff that she was terminated.**

**29. Plaintiff brings this claim under §§ 31-68 and 31-72 of Connecticut's Wage and Hour Law, C.G.S. §31-58 *et seq.***

**30. At all times material, defendant has been an "employer" within the meaning of C.G.S. §§ 31-58(e) and 31-71a(1).**

**31. At all times material, defendant employed plaintiff within the meaning of C.G.S. § 31-58(h).**

**32. At all times material, plaintiff was an employee of the defendant within the meaning of §§ 31-58(e) and 31-71a(2).**

**33. During plaintiff's employment with the defendant, plaintiff has worked has held different job titles – accounts payable and assistant product manager.**

**34. During her employment with the defendant, plaintiff regularly worked more than forty (40) hours per week.**

**35. Plaintiff had no real management authority.**

**36. Based upon her duties, plaintiff's real and primary function was to perform non-exempt functions including, but not limited to: bookkeeping and administrative duties**

**37. Plaintiff's work did not include managerial responsibilities or the exercise of independent judgment.**

**38. Defendant has not paid the plaintiff overtime premium pay.**

**39. Defendant's conduct in refusing to pay overtime wages to the plaintiff was willful, unreasonable, arbitrary and in bad faith.**

**40. Defendant's conduct in failing to plaintiff one and one-half times her hourly rate of pay for all hours over 40 per week violates the Connecticut Minimum Wage Act, C.G.S. §§ 31-76b and 31-76c.**

**41. Defendant's conduct was arbitrary, unreasonable or in bad faith and therefore entitles plaintiff to an award in the amount of overtime**

**wages due, plus an amount of liquidated damages equivalent to the amount of overtime wages due with costs and such reasonable attorneys' fees as may be allowed by the court.**

**42. As a direct and proximate result of defendant's acts and/or omissions, plaintiff has suffered damages.**

## FIFTH COUNT
**(Failure to Pay Overtime in Violation of the FAIR LABOR STANDARD ACTS (FLSA))**

**1. Plaintiff re-alleges and incorporates by reference Paragraphs 1-42 of the Fourth Count as if fully rewritten herein.**

**43. At all relevant times, defendant had annual gross revenues in excess of $500,000.**

**44. At all relevant times, defendant was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C.S. §§ 206(a) and 207(a).**

**45. At all times material to this action, defendant was subject to the FLSA and was an "employer" of the plaintiff as defined by § 203(b) of the FLSA.**

**46. Defendant failed to compensate plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours worked in a workweek, in violation of the FLSA.**

**47. Defendant had no good faith basis for believing that its pay practices as alleged above were in compliance with the law.**

**48. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).**

**49. As a result of the violations by the defendant of the FLSA, plaintiff is entitled to all damages available under the FLSA including all unpaid overtime, liquidated damages, attorneys' fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).**

## SIXTH COUNT
## (FLSA - RETALIATION)

**1. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-49 of the Fifth Count as though fully set forth herein.**

**50. Defendant terminated the plaintiff's employment in retaliation for the plaintiff notifying the defendant that she was not an exempt employee for purposes of overtime.**

**51. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215 (a)(3)) by retaliation against plaintiff for exercising rights protected under the Act.**

**52. Defendant's retaliation was willful.**

**54. As a result of the retaliation, plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3).**

**PRAYER FOR RELIEF**

**WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, emotional distress; punitive damages; reasonable attorneys' fees; costs; consequential damages; interest; job reinstatement; job reinstatement; prejudgment interest, for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; unpaid overtime wages under the Connecticut Minimum Wage Act, C.G.S. Section 31-68, penalty damages under the Connecticut Minimum Wage Act, C.G.S. Section 31-68, attorneys' fees under the Connecticut Minimum Wage Act, C.G.S. Section 31-68, attorneys' fees under C.G.S. §31-72, damages under the FLSA, 29 U.S.C. § 215(a)(3); 29 U.S.C. § 216(b), injunctive relief in the form of a court order directing the defendant comply with the Connecticut Minimum Wage Act for a trial by jury; and for all other just and proper relief.**

**DATE: September 6, 2016**

**/s/ James Sabatini**
**James V. Sabatini, Esq.**
**Fed. No.: CT 19899**
**SABATINI AND ASSOCIATES, LLC**
**1 Market Square**
**Newington, CT 06111**
**Tel. No.: (860) 667-0839**
**Fax No.: (860) 667-0867**
**Email: jsabatini@sabatinilaw.com**

**ATTORNEY FOR PLAINTIFF**

## ELECTRONIC CERTIFICATE OF SERVICE

**I hereby certify that on September 6, 2016 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**

**/s/ James V. Sabatini**
**James V. Sabatini**

# EXHIBIT 1

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Candace Perrone
c/o James Sabatini, Esquire
Sabatini and Assoc., LLC
One Market Square
Newington, CT 06111-2992

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2015-00447 | Anne R. Giantonio, Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed unt 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brough in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Feng K. An,
Area Office Director

December 8, 2015
*(Date Mailed)*

Enclosures(s)

cc:

AMEC LLC
270 Main St
Norwalk, CT 06851

James V. Sabatini
SABATINI AND ASSOCIATES
one market sq
Newington, CT 06111