**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CANDACE PERRONE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 3:16 cv 00374 (VLB)** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMEC CONSTRUCTION, LLC,** | : | |
| | : | |
| **Defendant.** | : | **June 6, 2017** |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND DISMISSAL WITH PREJUDICE**

**Plaintiff Candace Perrone ("Plaintiff") and Defendant ("AMEC CONSTRUCTION, LLC") (collectively, the "Parties") hereby notify the Court that the Parties have reached a carefully negotiated individualized settlement of Plaintiff's claims as set forth in a Settlement Agreement and Release (the "Agreement"), and move the Court for approval of the Agreement and dismissal of this action with prejudice. The Parties stipulate that this settlement constitutes a resolution of a bona fide dispute and, as such, submit this request for Court approval pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). A proposed order is attached as Exhibit A.**

**FACTUAL BACKGROUND**

**1. Plaintiff filed her Complaint on March 4, 2016. Plaintiff filed her Amended Complaint on September 6, 2016. Plaintiff asserted the following legal claims: (1) disability discrimination in violation of the ADA; (2) retaliation in violation of the ADA; (3) failure to accommodate in violation of the ADA; (4)**

**violations of Connecticut Wage and Hour Law; (5) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"); and (6) FLSA retaliation.**

**2. On October 6, 2016, defendant filed its Answer and Special Defenses in which it (a) denied that plaintiff worked overtime hours for which she was not paid; (b) asserted that plaintiff at various times during her employment was exempt; and (c) asserted that plaintiff's claims for overtime and liquidated damages could not be sustained because any acts or omissions giving rise to the legal claims were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.**

**3. Counsel for the parties have engaged in substantial settlement discussion regarding the legal claims.**

**4. The parties exchanged documents and information during discovery including on plaintiff's FLSA claims and defendant's defenses to those claims.**

**5. After substantial discovery and negotiations have reached a resolution of all claims.**

**6. Notwithstanding the factual and legal defenses that defendant believes are applicable in this matter, defendant determined that it preferred to conclude the instant litigation, taking into account the cost and time associated with the ongoing defense of this case. Defendant has further taken into account the uncertainty and risks inherent in litigation.**

**7. Plaintiff determined that she preferred to resolve the matter. Plaintiff has taken into account the uncertainty and risks inherent in litigation and is receiving a significant portion of the amount claimed to be owed.**

**8. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for plaintiff and defendant to evaluate the legal claims and defenses and make recommendations regarding the resolution of this case.**

**9. The parties' Settlement Agreement contains a confidentiality provision. Therefore, the agreement is being provided to the Court to review in camera so that the Court may review the terms for fairness.**

**MEMORANDUM OF LAW**

**10. The parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties respectfully submit that the settlement reached should be approved by the Court as fair and reasonable. See 29 U.S.C. §216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir.1982). If the settlement reflects a reasonable compromise over the issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.**

**11. Plaintiff and defendant are represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the settlement agreement and the settlement amount were the subject of arms-length negotiations. The settlement amount was based upon the information produced during discovery and the negotiations between counsel. The parties submit that the Agreement they have entered into represents a reasonable compromise of plaintiff's claims consistent with the intent and purpose of the FLSA.**

**12. The parties agree that the lawsuit involved disputed issues including: (1) whether or not plaintiff was paid for all hours worked; (b) whether plaintiff was entitled to additional compensation under the FLSA; and (c) whether defendant acted in good faith as to bar all or part of plaintiff's claims.**

**13. The complexity, expense and length of future litigation also militate in favor of this settlement. The parties continue to disagree over the materials facts and the merits of the legal claims asserted. If the Parties continue to litigate this matter, they will incur additional costs and expenses to prove their claims and defenses. The range of recovery in this case is zero to full damages. Therefore, this settlement is a reasonable means to minimize future risks and manage litigation costs. Based on the various legal and factual disputes and the uncertainty of the outcome of plaintiff's claims, plaintiff agrees that the amount she is receiving pursuant to this settlement represents a reasonable and fair compromise.**

**14. The next element for the Court to consider in determining the fairness of the settlement is the reasonableness of the proposed attorneys' fees. See e.g., Strong v. BellSouth Telecomms, Inc., 137 F.3d 844, 849-50 (5th Cir.1998). In this case, the attorneys' fees represents 1/3 of the total amount recovered plus reimbursement of litigation costs. The parties stipulate that the attorneys' fees are reasonable and as such, the amounts allocated to plaintiff and plaintiff's counsel represent a fair resolution. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir.1982).**

## CONCLUSION

**Whereby, the Parties respectfully request that the Court grant their Motion and enter: (1) an order approving the settlement and dismissing this action in its entirety, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure, with each Party to bear his or its own costs; and (2) a stipulated Final Judgment stating that the approved settlement resolves all disputed issues of law and fact between the Parties in this action.**

**THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT JAMES SABATINI WILL E-FILE THE FOREGOING *JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE*.**

| | |
|---|---|
| **PLAINTIFF,**<br>**Candace Perrone**<br><br>**By: /s/ James V. Sabatini**<br>**James V. Sabatini, Esq. (CT19899)**<br>**jsabatini@sabatinilaw.com**<br>**Sabatini & Associates, LLC**<br>**One Market Square**<br>**Newington, CT 06111**<br>**Telephone: (860) 667-0839**<br>**Fax: (860) 667-0867** | **DEFENDANT,**<br>**AMEC CONSTRUCTION, LLC**<br><br>**By: /s/ _Jarad Lucan**<br>**Jarad Lucan, Esq.**<br>**Shipman & Goodwin, LLP**<br>**One Constitution Plaza**<br>**Hartford, CT 06103**<br>**T 860-251-5000**<br>**F 860-251-5099**<br>**jlucan@goodwin.com** |
| | |

**CERTIFICATE OF SERVICE**

**I hereby certify that on June 6, 2017, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.**

**By: /s/ James Sabatini**
**James Sabatini**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CANDACE PERRONE,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.: 3:16 cv 00374 (VLB)** |
| | : | |
| **VS.** | : | |
| | : | |
| **AMEC CONSTRUCTION, LLC,** | : | |
| | : | |
| **Defendant.** | : | **June 5, 2017** |

**ORDER**

**AND NOW, on this _______ day of __________, 2017, upon consideration of the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, it is hereby ORDERED:**

**1. That the Joint Stipulation of Settlement and Release is fair and reasonable and is thus APPROVED;**

**2. That the Joint Motion for Settlement Approval is GRANTED; and**

**3. That this action is DISMISSED WITH PREJUDICE.**

**The Court reserves jurisdiction to enforce the terms of the parties' settlement.**

**It is so ORDERED.**

**BY THE COURT:**

______________________________________
**J.**